UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| In re: } | |
| } | |
| QUALITY PROPERTIES, LLC } | Case No. 10-42783-JJR-11 |
| } | |
| Debtor. } | |

| | |
|---|---|
| UNIVERSAL DOOR SYSTEMS, INC., } | |
| } | |
| Plaintiff, } | |
| v. } | AP No. 10-40119-JJR |
| } | |
| PINE APPLE CONVEYOR } | |
| SERVICE, INC.; QUALITY PROPERTIES, } | |
| LLC; MARK MONK; and FIRST NATIONAL } | |
| BANK OF TALLADEGA, } | |
| } | |
| Defendants. } | |

## OPINION AND ORDER ON UNIVERSAL DOOR'S MOTION FOR SUMMARY JUDGMENT

*Background*

On January 9, 2009, the plaintiff, Universal Door Systems, Inc. ("Universal") commenced this action in the Circuit Court of Shelby County, Alabama (the "State Court") against Quality Properties, LLC ("Quality" and the "Debtor") and the other defendants (the "State Action"). On October 1, 2010, Quality filed a petition for relief under chapter 11 of the Bankruptcy Code,[1] and thereafter Quality removed the State Action to this Bankruptcy Court, whereupon it became an adversary proceeding in Quality's chapter 11 case (the "Chapter 11

---

[1] 11 U.S.C. § 101, *et seq.* and herein referred to as the "Code." References to a "Bankr. Rule" are to the Federal Rules of Bankruptcy Procedure.

1

Case").

Co-defendant, Pine Apple Conveyor Service, Inc. ("Pine Apple") was the general contractor[2] for the construction of a Marvin's Building Materials & Home Center Store located in Calera, Shelby County, Alabama (the "Project"). The Project is owned by Quality and is property of Quality's bankruptcy estate. In the State Action, Universal claimed it entered into a subcontract with Pine Apple to furnish some of the labor and materials for construction of the Project, and it had not been paid the agreed-upon sums owing for such labor and materials. (AP Doc. 9.) In the State Action, Universal sought monetary judgments, and critical to this Order, also asked the State Court to award it a materialman's lien against the Project to secure the unpaid balance due on its subcontract with Pine Apple.

On May 11, 2010, Universal filed a "Motion for Summary Judgment as to Lien Claim" in the State Action (AP Doc. 33, Ex. D); that motion was granted by the State Court on September 16, 2010.[3] In its order granting summary judgment in Universal's favor, the State Court found there were "no issues of material fact and that Universal [was] entitled to a lien in the amount of $30,430.06 [sic] be fixed and established on the [Project]."[4] (AP Doc. 33, Ex. F

---

[2] The Bank argues that because the contract under which Pine Apple was to construct the Project was on its face with AAA Properties, LLC, not the Debtor, it was a subcontract not an original contract (a/k/a a prime or general contract). Whether that contract was an original contract or subcontract is a disputed fact; however, the determination of that fact is not material to the Court's decision, which would be the same regardless of how the contract is classified.

[3] Although immaterial, the Order is dated September 14, 2010 and the Clerk of the State Court's stamp on the Order indicates it was filed September 16, 2010.

[4] According to Universal's Verified Statement of Lien (AP Doc. 33, Ex. D) and the State Court's Order (AP Doc. 33, Ex. F), the legal description of the Project is as follows:

> Lot 1 according to the survey of 31 Plaza, a commercial subdivision located in the City of Calera, Alabama as recorded in map book 39, page 150 in the Probate office of Shelby County, Alabama.

2

and herein, the "State Court SJ Order".) The State Court SJ Order made no finding or other adjudication regarding the priority of the lien established in Universal's favor.

In this adversary proceeding, Universal has now filed a "Response to Notice of Removal and Request that Court Enter Summary Judgment" (AP Doc. 33). The grounds for summary judgment are simply that before removal, the State Court entered an order in the State Action granting Universal a materialman's lien against the Project, and the Bankruptcy Court is required to give full faith and credit to the State Court SJ Order.

## *Jurisdiction*

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (K) (allowance or disallowance of claims, and determination of the validity, extent, or priority of liens); therefore, the Court has authority to enter a final order.[5]

## *Standard for Summary Judgment*

A motion for summary judgment is controlled by Bankr. Rule 7056, which directs that Rule 56 of the Federal Rules of Civil Procedure is applicable to bankruptcy adversary proceedings. A court may grant summary judgment to a moving party when that party demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Bankr. Rule 7056(a). In considering the merits of a motion for summary judgment, the judge's function is not to determine the truth of the matter asserted or the weight of the evidence, but to determine whether the factual disputes raise genuine issues for

---

[5] The Court's jurisdiction in this adversary proceeding, and other similar adversary proceedings in the Chapter 11 Case, was considered in an Opinion and Order entered on November 29, 2011 as Bk Doc. 328.

3

trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50 (1986). In making this determination, the facts are to be considered in a light most favorable to the non-moving party. *Id*.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Allen v. Board of Public Educ. For Bibb Co*., 495 F.3d 1306 (11th Cir. 2007).

## *Conclusions*

Any questions of material fact regarding whether Universal is entitled to a materialman's lien against the Project were adjudicated when the State Court granted Universal's motion for summary judgment in the State Action. This Bankruptcy Court is required to give full faith and credit to the State Court SJ Order, and the parties are precluded from further litigating the claims adjudicated by the State Court. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 675-76 (11th Cir. 1993) (collateral estoppel bars bankruptcy court from "relitigating factual issues previously decided in state court," applying collateral estoppel rules of that state to determine preclusive effect); *see also Lott v. Toomey*, 477 So. 2d 316, 319 (Ala. 1985) (setting out four elements of collateral estoppel under Alabama law).

Nonetheless, in the context of the Debtor's chapter 11 case, the State Court SJ Order fixing Universal's lien did not adjudicate the priority of that lien vis-a-vis the First National Bank of Talladega's mortgage or the liens of other mechanic's and materialman's lien claimants. Thus, depending upon the value of the Project and resolution of the priority issues, the extent of Universal's allowed secured claim in the Chapter 11 Case remains to be determined by this Court.

4

*Judgment and Order*

In accordance with the foregoing, it is hereby ORDERED that:

A. Universal's Motion for Summary Judgment (AP. Doc. 33) is GRANTED to the extent it seeks recognition that the State Court SJ Order fixed a valid and perfected materialman's lien in favor of Universal and against the Project in the amount of $30,430.06.

B. There was no determination by the State Court regarding the priority of Universal's lien vis-a-vis the First National Bank of Talladega's mortgage or the liens of other mechanic's and materialman's lien claimants. Depending upon the value of the Project and resolution of the priority issues, the extent of Universal's allowed secured lien claim in the Chapter 11 Case remains to be determined by this Court.[6]

So Done and Ordered: May 14, 2012

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

---

[6] Because the State Court SJ Order simply fixed a lien against the Debtor's property, but did not award a monetary judgment against the Debtor, Universal's claim in the Chapter 11 Case will be allowed only to the extent the claim is determined to be a secured lien claim. *See* Code § 506(a). Also, Universal filed a Supplemental Affidavit of Jerry L. Bess, its president, seeking additional attorney fees, costs, and interest pursuant to an agreement between Universal and Pine Apple; the Debtor was not a party to that agreement. Whether the sum established by the State Court as being secured by Universal's lien may be increased due to Universal having incurred additional expenses and the accrual of additional interest is not determined by this Opinion and Order and is reserved for a later ruling.